**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| **SCOTT MICHAEL MICKENS,** | : | **Case No. 2:25-cv-928** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Judge Michael H. Watson** |
| | : | |
| **MRS. MCCREY, et al.,** | : | **Chief Magistrate Judge Stephanie K.** |
| | : | **Bowman** |
| **Defendants.**[1] | : | |
| | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Noble Correctional Institution ("NCI") in Caldwell,

Ohio, proceeding without the assistance of counsel, has filed a civil rights complaint

alleging that Defendants exhibited deliberate indifference to a serious medical need that

Plaintiff suffered and repeatedly requested assistance for. (Doc. 5). By separate Order,

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915. This matter is before the Court for a *sua sponte* review of the Complaint to

determine whether the Complaint, or any portion of it, should be dismissed because it is

---

[1] Plaintiff named the Washington County Jail in his initial complaint. (Doc. 1). In his amended complaint, now the operative Complaint, the first named Defendant is Mrs. McCrey. (Doc. 5, at 29).

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.C.S. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

For the following reasons, the Undersigned **RECOMMENDS** that Plaintiff be permitted to proceed with his Eighth Amendment claim.

## Screening of Plaintiff's Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fee and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or *repetitive* lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in relevant part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*\*\*
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C §§ 1915A and 1915(e)(2)(B)(ii). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands of the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations' … [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting

3

*Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## B.  Allegations in the Complaint

On or about September 1, 2024, Plaintiff was incarcerated at the Washington County Jail in Marietta, Ohio, for a probation violation. (Doc. 5, at 39). He states that he arrived with a "medical issue" that he informed the jail about when he was booked, and that, over the next 28 days, medical personnel and corrections officers ignored his repeated and escalating complaints of abdominal pain and voluminous blood in his stool. This culminated in Plaintiff passing out on or about September 28, 2024, and being

4

transported to a local hospital. There, doctors informed Plaintiff that they had received no requests from the Washington County Jail for Plaintiff to be seen, despite Plaintiff being told by nurses that they made requests for Plaintiff to receive a colon and G.I. examination, and that Plaintiff was within 15 minutes of bleeding to death. (*Id.*, at 42-43).

Plaintiff states that he began to notice blood in this stool within his first week at the jail and notified Nurse Holden and Nurse Holliday. (Doc. 5, at 39). He asserts that he then saw Nurse McCrey, the supervisor, and still received no response other than that "it was probably the food adjustment." (*Id.*). Two weeks later, Plaintiff summoned Nurse Holliday to his cell to show her the blood in his stool and to request help from doctors or a hospital. Plaintiff states that Nurse Holliday told him that he was not allowed to know when he was to be seen for a colon and GI check and that they would call again to see if doctors would see him. (*Id.* at 39-40). Later that day, Nurse McCrey approached Plaintiff to give him "stomach pills," which he later discovered were for treating heartburn—even though he had never complained of heartburn. These events occurred between September 14 and September 23, 2024. (*Id.* at 40).

Then, on October 27, Plaintiff states that he experienced very severe stomach pain and notified Officer Lloyd, who told Plaintiff to "send out a kite for medical." (*Id.*). Plaintiff asserts that he was up most of that night "hurling" and could not eat breakfast the next morning due to the pain. He states that he tried to lay down but that the pain became so severe that he went to the restroom and noticed a lot of blood running out of him. (*Id.* at 40-41). He states that he panicked and ran the shower, but then felt that he

5

was about to pass out and proceeded to the entrance of the bathroom where he laid down and did in fact pass out. When Plaintiff regained consciousness, other inmates were trying to help him up and call for help. After being checked by unnamed nurses and staff, Plaintiff was taken to a hospital. He states that Officer Maze was with him. After having Plaintiff's restraints removed, noticing the dried blood on him, and examining him, the doctor asked Plaintiff why he had not told jail staff about his health issues. Plaintiff responded that he had told them but had gotten no responses except being given medications to relieve heartburn—not a bleeding colon. (*Id*. at 42). Plaintiff states that he was scared and shaken.

At some point that day, Officer Maze advised Plaintiff that he was being released from the jail and that his personal belongings would be brought to the hospital. (*Id*. at 43). Plaintiff eventually was able to call his girlfriend to get him and take him home.

Plaintiff names as Defendants (all of whom are/were employees of the Washington County Jail): Nurse Holliday, Nurse Stottsberry, Nurse Encinnias, Nurse Holden, Nurse McCrey, Officer Lloyd, Officer Dye, Officer Rainer, Officer Kuntze, Officer Frost, Officer Oliver, Officer Skidmore, Officer Maze, Officer Jenoy, Officer Doak, and Captain Martin. (Doc. 5, at 45). "All of these employees of the jail," Plaintiff contends, "knew about my issues and did nothing for me." (*Id*.).

In relief, Plaintiff seeks: (1) hospital bills paid; (2) letter of apology; and (3) $250,000. (Doc. 5, at 32).

6

## C. Analysis

At this stage of the proceedings, without the benefit of briefing, the Undersigned concludes that Plaintiff may proceed with this action on his Eighth Amendment claim of deliberate indifference to a serious medical need. His claim deserves further development and may proceed at this juncture--but only against *some* of the named Defendants in their individual capacity, and not against *any* named Defendants in their official capacity for monetary damages.[2]

First, Plaintiff does not specify whether he is suing the Defendants in their individual or official capacities. But his claims against Defendants in their official capacities are subject to dismissal to the extent that Plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damages suits under the Eleventh Amendment. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6 h Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2*, 694 F.2d 449, 460 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party but where the action is essentially one for the recovery of money from the state. *Edelman*,

---

[2] The Court has not made a determination as to the merits of the claim or potential defenses thereto, nor is any defendant precluded from filing a motion to dismiss, motion for more definitive statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct.

415 U.S. at 663 (citations omitted); *Ford Motor Co. v. Dep't of Treasury of State of Indiana*, 323 U.S. 459, 464 (1945). A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which Defendants are agents. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Because all of the properly named Defendants are immune from suit in their official capacities to the extent that Plaintiff seeks monetary damages, Plaintiff's claims against these Defendants in their official capacities should **be DISMISSED with prejudice**.

Second, though each are named Defendants, the Complaint does not appear to allege that Nurses Stottsberry or Encinnias; or Officers Dye, Rainer, Kuntze, Frost, Oliver, Skidmore, Jenoy, Doak; or Captain Martin took any unlawful action themselves in connection with Plaintiff's Eighth Amendment claim. To state a claim for relief under § 1983, Plaintiff must allege that each defendant had "personal involvement" in the deprivation of his rights. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citations omitted). Further, § 1983 does not permit absolute *respondeat superior* liability. Rather, a state actor in a supervisory role may be held liable only where he or she "encouraged the

---

22, 2010).

specific incident of misconduct or in some other way directly participated in it." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Here, Plaintiff does not connect Defendants Stottsberry, Encinnias, Dye, Rainer, Kuntze, Frost, Oliver, Skidmore, Jenoy, Doak, or Martin to any allegations set forth in the Complaint--either personally or by encouraging or otherwise participating in the alleged misconduct. Plaintiff's claims against Defendants Stottsberry, Encinnias, Dye, Rainer, Kuntze, Frost, Oliver, Skidmore, Jenoy, Doak, and Martin should **be DISMISSED without prejudice** for failure to state a claim.

### D.  Motion for Appointment of Counsel

In a motion for default judgment, Plaintiff seeks default judgment against Defendants for their failure to comply with rules, *i.e.*, failure to respond to his Complaint. (Doc. 8, at 54). Plaintiff also requests appointment of counsel. (*Id*. at 55). Plaintiff's motion should **be DENIED without prejudice**.

The motion for default judgment should be denied because Plaintiff's Complaint had not been screened at the time that he filed his motion, meaning that Defendants had not been served and thus were not in default. Additionally, Plaintiff has not obtained an entry of default, which Federal Rule of Civil Procedure 55 requires a party to obtain before obtaining default judgment.

Plaintiff's motion for appointment of counsel should be denied without prejudice to renewal. Although this Court has authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right.  *Lavado v.*

9

*Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted).  Rather, "[i]t is a privilege that is justified only by exceptional circumstances."  *Id*. at 606.  Because the Undersigned has not determined at this stage of the proceeding whether such exceptional circumstances exist in this case, the Court should find that the appointment of counsel is not warranted at this juncture.

Plaintiff's motion for default judgment (Doc. 8) should **be DENIED without prejudice**.

### E.  Service

One of the next steps in this case is for Defendants Holliday, Holden, McCrey, Lloyd, and Maze to be served with the Summons and Complaint, and then for them to file their responses to the Complaint. The single summons (Doc. 1-3) and U.S. Marshal form (Doc. 1-4) that Plaintiff submitted with his initial complaint do not list any individual Defendants. Plaintiff must provide one set of forms (a Summons form and a U.S. Marshal form) for each Defendant. Plaintiff is **ORDERED** to complete and return a Summons from and a U.S. Marshal form for each of the five Defendants listed above. The Court will provide the blank forms for him to use.

Once the completed forms are received by the Clerk, the Court **DIRECTS** the United States Marshal Service to serve a copy of the Summons, the Complaint (Doc. 5), and this Order on Defendants Holliday, Holden, McCrey, Lloyd, and Maze as directed by Plaintiff. The costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d).

During these proceedings, Plaintiff shall serve upon each Defendant or, if appearance has been entered by counsel, upon each Defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of the document was mailed to Defendant(s) or Defendant(s)' counsel. Any paper received by a District Judge or Magistrate Judge with has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

### Summary and Conclusion

The Undersigned has screened the Complaint (Doc. 5) as required under 28 U.S.C. §§ 1915 and 1915A, and concludes that Plaintiff's Eighth Amendment claim(s) against Nurse Holliday, Nurse Holden, Nurse McCrey, Officer Lloyd, and Officer Maze in their individual capacities may **PROCEED** to further development. This part of the case will continue.

However, the Undersigned **RECOMMENDS** that the Court **DISMISS without prejudice** any remaining claims and Defendants as follows: against all Defendants in their official capacities for monetary damages; and against Defendants Stottsberry, Encinnias, Dye, Rainer, Kuntze, Frost, Oliver, Skidmore, Jenoy, Doak, and Martin for failure to state a claim.

The Undersigned further **RECOMMENDS** that the Court **DENY without prejudice** Plaintiff's motion for default judgment (and for appointment of counsel).

11

(Doc. 8).

Plaintiff may file objections to these recommendations, as set forth below. He is advised that he must keep the Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

The Clerk of Court is **DIRECTED** to send Plaintiff five (5) blank Summons forms and five (5) blank U.S. Marshal forms for his use. Plaintiff is **ORDERED** to complete and return the forms **within thirty (30) days**. Service shall then proceed as directed in Section E above.

### NOTICE REGARDING OBJECTIONS

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R.Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in

12

a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED AND RECOMMENDED.**


February 17, 2026                              *s/Stephanie K. Bowman*
                                               STEPHANIE K. BOWMAN
                                               United States Chief Magistrate Judge